**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Ngaruiya, | No. CV-26-01336-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

Pending before the Court is Plaintiff Josephine Ngaruiya's application to proceed In Forma Pauperis ("IFP"), (Doc. 3), and motion to allow electronic filing, (Doc. 6). For the reasons stated below, Ngaruiya's IFP application will be granted, and her Complaint, (Doc. 1), will be dismissed with prejudice. Her motion to allow electronic filing will be denied as moot.

## I.      IFP APPLICATION

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 3), I find Ngaruiya cannot pay court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

## II.    SCREENING THE COMPLAINT

Because Ngaruiya is proceeding IFP in this case, I must screen her Complaint.

### A.    Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

### B.    Ngaruiya's Complaint

Ngaruiya brings several claims against Defendant Wells Fargo Bank, N.A., principally under Title VII of the Civil Rights Act, arising out of alleged sexual harassment, employment discrimination, pay discrimination, and retaliation. (*See* Docs. 1, 7.) Ngaruiya has, however, brought these claims before. *See Ngaruiya v. Wells Fargo Bank et al.*, No. 2:24-cv-00773-SMM, Doc. 1 at 16 (D. Ariz. April 5, 2024). Indeed, as Ngaruiya acknowledges, (Doc. 1 at 3; Doc. 7 at 1), Judge McNamee dismissed her claims under § 1915(e) with prejudice, declining to grant her further leave to amend, (*id.* at Doc. 25).

And as Judge Tuchi recently held in dismissing yet another case Ngaruiya filed, here she "simply attempts to bring a new case raising the same or substantially similar claims to those the Court already dismissed without leave to amend," and "[t]he Court must therefore dismiss [Ngaruiya's] present Complaint." *Ngaruiya v. Urgent Psychiatric Ctr.*, No. 2:26-cv-01332-JJT, Doc. 6 at 2 (D. Ariz. February 26, 2026).

"A dismissal with prejudice precludes a party from reiterating the same claims in a later case." *Procopio-Bey v. Arizona*, 2021 WL 2451669, at *1 (D. Ariz. 2021) (citing *Leon v. IDX Systems Corp.*, 464 F.3d 951, 962 (9th Cir. 2006)). Ngaruiya's Complaint raises the same claims asserted in her prior case, which was dismissed with prejudice on January 28, 2026. Her present Complaint will therefore be dismissed. Because any amendment would be futile, she will not be granted leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

Accordingly,

**IT IS ORDERED** granting Ngaruiya's Application for Leave to Proceed IFP, (Doc. 3).

**IT IS FURTHER ORDERED** dismissing Ngaruiya's Complaint, (Doc. 1), with prejudice.

**IT IS FURTHER ORDERED** denying the Motion to Allow Electronic Filing, (Doc. 6), as moot.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 9th day of April, 2026.

Honorable Sharad H. Desai
United States District Judge

- 3 -