**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josephine Ngaruiya, | No. CV-26-01336-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

At issue is Plaintiff Josephine Ngaruiya's Motion to Amend or Correct Judgement under Federal Rule of Civil Procedure 59(e), (Doc. 10). The motion will be **denied.**

"A motion to alter or amend the judgment under Rule 59(e) is, at bottom, a motion for reconsideration." *Holly Beth Jones v. Flagstaff Unified Sch. Dist.*, 2026 WL 847244, at *1 (D. Ariz. 2026). "Rule 59(e) offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id.* (quoting *Kona Enter., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "The Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). Manifest error means the "decision must strike the court as more than just maybe or probably wrong—it must be dead wrong." *See De Silva v. Pima Cnty. Gov't*, 2025 WL 48457, at *2 (D. Ariz. 2025) (quotation marks omitted). Further, a motion for reconsideration must "point out with specificity" (1) "the matters that the movant believes were overlooked or misapprehended by the Court," (2)

"any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier," and (3) "any specific modifications being sought in the Court's Order."  LRCiv 7.2(g)(1).  Such motions may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order."  *Id.*; *see also Bullock v. Ariz. Bd. of Regents*, 2025 WL 1115462, at *1 (D. Ariz. 2025) ("Motions for reconsideration are not the place for parties to make new arguments not raised in their original briefs, nor should such motions be used to ask the Court to rethink what it has already thought." (quotation marks omitted)).  If the movant does not comply with these requirements, this alone "may be grounds for denial of the motion." LRCiv 7.2(g)(1).

Ngaruiya requests reconsideration of the April 9, 2026 order dismissing this case with prejudice (the "Doc. 8 Order").  (*See* Doc.  10.)  Ngaruiya fails to identify, however, any "manifest error" in the decision or present "new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence."  LRCiv 7.2(g)(1).

As discussed in the Doc. 8 Order, Ngaruiya's claims against Wells Fargo were dismissed with prejudice in a prior suit.  (Doc. 8 at 2 (citing *Ngaruiya v. Wells Fargo Bank*, No. 2:24-cv-00773-SMM, Doc. 1 at 16 (D. Ariz. April 5, 2024).)  Ngaruiya does not appear to seriously dispute this fact.  Indeed, she admits that "[o]n January 28, 2026 Plaintiff's Wells Fargo case was dismissed with prejudice."  (Doc. 10 at 2.)  Rather, Ngaruiya argues that the Doc. 8 Order's citation to a different case she brought in this district, *Ngaruiya v. Urgent Psychiatric Ctr.*, No. 2:26-cv-01332-JJT, (D. Ariz. 2026), was legal error because *that* case was not dismissed with prejudice.  (*See* Doc. 10 at 3.)  But the Doc. 8 Order did not rely on the preclusive effect of *Urgent Psychiatric Center*.  That case was cited merely to support the proposition that *Wells Fargo Bank* precluded her claims.  Thus, that *Urgent Psychiatric Center* was dismissed without prejudice does not warrant reconsideration of the Doc. 8 Order.

Ngaruiya's remaining arguments—concerning equitable tolling based on her

involuntary mental-health treatment, pro se status, loss of property, and other circumstances that allegedly impeded her ability to litigate—also do not justify reconsideration. (Doc. 10 at 4–6.) Those circumstances do not identify any manifest error in the Doc. 8 Order, nor do they present new facts or law that would alter the conclusion that Ngaruiya's claims are barred by the prior final judgment.

Accordingly,

**IT IS ORDERED** denying Ngaruiya's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), (Doc. 10).

**IT IS FURTHER ORDERED** denying Ngaruiya's request for electronic filing as moot.

Dated this 28th day of May, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 3 -